## SHERIFFS

### HEALTH — OBLIGATION OF SHERIFF TO REIMBURSE COST OF PRISONER'S CARE AT A STATE FACILITY

February 22, 1995

*Mr. Robert E. Sutton*
*Chief, Divisions of Reimbursements*
*Department of Health and Mental Hygiene*

You have requested our opinion regarding the applicability of §16-101(c)(2) of the Health-General ("HG") Article, Maryland Code, to Sheriffs and other officials who have authority over a jail or county detention center. Specifically, your questions are as follows:

1.    Is a Sheriff a "chargeable person" under HG §16-101 (c)(2)?

2.    In jurisdictions where an individual other than the Sheriff has the authority over a jail or detention center, is that official a "a chargeable person" under HG §16-101(c)(2)?

3.    If a Sheriff or other jailor is a chargeable, may the Division of Reimbursements seek reimbursement from these officials for services previously billed to the counties?[1]

For the reasons stated below, we conclude as follows:

1.    A Sheriff is a chargeable person under HG §16-101(c)(2).

---

[1] In addition, you asked whether the Division of Reimbursements is required to refund money to those counties that voluntarily paid bills for services rendered to prisoners in local detention facilities. Because the answer to this question might vary with the particular circumstances, we prefer to advise you on this question in the context of specific requests for refunds.

2.    A detention official other than a Sheriff is also a chargeable person under HG §16-101(c)(2).

3.    The Division may seek reimbursement from Sheriffs for services previously billed to the counties.

# I

## Background

In 1992, a prisoner in the Montgomery County Detention Center needed psychiatric care beyond that available in the county facility.  The prisoner received necessary psychiatric services from Springfield State Hospital.  Subsequently, the Department of Health and Mental Hygiene ("DHMH") billed the county for the cost of these services.  The county declined to pay the bill and pursued the issue of its obligation to do so through the administrative process.

In a final decision of the Secretary of Health and Mental Hygiene issued on September 14, 1994, the Secretary concluded that the Division of Reimbursements in DHMH "may not charge a county of the State of Maryland for reimbursement for the cost of medical services provided by the department to an indigent prisoner of a county detention center who is admitted by a Sheriff to a State facility for inpatient care and treatment." *Department of Health and Mental Hygiene v Montgomery County*, OAH Docket No. 92-DHMH-SF-58-7987 (September 14, 1994), slip op. at 19.

In the course of his decision, the Secretary suggested that the Division of Reimbursements might wish to request an opinion of the Attorney General on the issue whether the Sheriff, as distinct from the county, may be charged for reimbursement under the relevant statute.  Your request followed this suggestion.

# II

## The Reimbursement Statute

One who receives health care services from the State is obligated to reimburse the State for the cost of those services: "The total cost of care of each recipient of services is, in the first instance,

the responsibility of the recipient of services...."  HG §16-102(b).
*See also* HG §16-102(a).  If the recipient of the services cannot pay
because of indigence, "the chargeable person" becomes responsible
for payment.  HG §16-102(b).[2]

A "chargeable person" includes any person other than the
recipient of services "who is legally responsible for the care of the
individual." HG §16-101(c). This definition of "chargeable person"
is echoed in the statement of legislative policy set out at HG §16-
102(a):

> It is the policy of this State to obligate
> each recipient of services and, to the extent
> provided in this title, those legally responsible
> for the recipient to pay, if financially able, for
> the cost of the care that is received by the
> recipient of services.   Unless  otherwise
> provided by statute, the recipient of services
> and the chargeable person shall be responsible
> for  payment  regardless  of  whether  the
> recipient of services was admitted voluntarily,
> involuntarily, or by court order.

In the *Montgomery County* case, the Secretary of Health and Mental
Hygiene concluded that, because Montgomery County was not a
"person" as defined in HG §1-101(g), the county was not a
"chargeable  person"  responsible  for  paying  the  cost  of  State-
provided health care services for indigent prisoners under HG §16-
102(b).


## III

### The Sheriff as a "Chargeable Person"

Under Article 87, §46(b) of the Maryland Code, "the Sheriff
shall provide food and board for all prisoners committed to the
Sheriff's charge and such food and other articles for the comfort of
sick prisoners as the physician attending such prisoners may deem
necessary, the expense of which shall be paid by the county or

---

[2] "Any uncollectible cost for services provided to the recipient
shall become the responsibility of the State."  HG §16-102(b).

Baltimore City." This provision codifies the common law obligation of a Sheriff to provide necessary medical care for the prisoners in the Sheriff's charge. *See generally* 58 *Opinions of the Attorney General* 647 (1973).

If a prisoner's psychiatric condition is such that necessary medical care can only be provided outside the detention facility, the Sheriff must secure those outside services and is responsible under Article 87, §46(b) for the payment of the cost of the services. This issue was settled by the Court of Appeals in *Harford County v. University Of Maryland Medical System Corp.*, 318 Md. 525, 569 A.2d 649 (1990).[3] Because the Sheriff is "legally responsible for the care of the" prisoner, the Sheriff is "a chargeable person." Accordingly, a Sheriff may be billed for reimbursement by the Department.

Although the county has no duty to reimburse DHMH for the cost of the medical services it provides, the county does have a duty to provide the Sheriff with a budget that would encompass the cost of providing health care to prisoners. The obligation to pay the costs incurred by the Sheriff under HG §16-102(b) is "a county obligation, and not a personal obligation of the Sheriff." 58 *Opinions of the Attorney General* at 651.[4]

---

[3] The *Harford County* case, to be sure, did not involve the cost of psychiatric treatment at a State facility. There is no reason to believe, however, that the result should be any different for that kind of medical care. The Sheriff would retain custody, and hence responsibility for, the prisoner in the State facility. *See Harford County*, 318 Md. at 530. *See also* 58 *Opinions of the Attorney General* at 650. We are not here discussing the situation when a prisoner in a Sheriff's custody is detained in a State facility for an emergency psychiatric evaluation pursuant to HG §10-626. *See* HG §16-302.

[4] Attorney General Burch did point out one situation under which "the Sheriff could become personally obligated for the payment of medical expenses" – that is, "where the Sheriff allows it to appear that he, himself, intends to pay therefor and it so understood between the Sheriff and the hospital ... and [the hospital] ... actually supplies the needed medical aid in reliance on the Sheriff's representations." 58 *Opinions of the Attorney General* at 653.

**IV**

**Alternative Jailor as "Chargeable Person"**

Article 87, §46(a) defines "Sheriff" to include "the administrator, director, superintendent, warden, or other officer in charge of a detention center." Accordingly, in those jurisdictions in which someone other than the Sheriff is in charge of the detention facility, that official has the same obligation as a Sheriff to provide necessary medical care for prisoners in that facility. It follows, therefore, that such an official is a "chargeable person" for medical care rendered to a prisoner at a State facility.

**V**

**Rebilling of Sheriffs**

In some situations, apparently, the Division of Reimbursements sent bills to counties for medical services to prisoners rendered at State facilities. In light of the Secretary's decision in the *Montgomery County* case, these bills are not collectable from the counties. Hence, you ask whether new bills for these services may be rendered to the Sheriffs.

Although HG §16-203(b) restricts the setting of payments retroactively, in this situation the covered period was established in the first bill and will not change. The statute contains no explicit time limit beyond which the Division is barred from sending a new bill for services that were timely billed initially. Therefore, new bills for these services may be sent to the Sheriffs, who, as "chargeable persons," are responsible for payment.[5]

---

[5] We will be happy to provide advice about alternatives in specific instances should a bill not be paid.

## VI

## Conclusion

In summary, it is our opinion that:

1.    A Sheriff is a chargeable person under HG §16-101(c)(2).


2.    A detention official other than a Sheriff is also a chargeable person under HG §16-101(c)(2).

3.    The Division may seek reimbursement from Sheriffs for services previously billed to the counties.


J. Joseph Curran, Jr.
*Attorney General*

Jack Schwartz
*Chief Counsel*
 *Opinions & Advice*